## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

### No. 14-4294

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ROBERT ANTHONY MARTINEZ,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-00445-RBH-1)

_____

Submitted:  September 25, 2014     Decided:  October 1, 2014

_____

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, A. Bradley Parham, Assistant United States Attorney, Leslie R. Caldwell, Assistant Attorney General, David A. O'Neil, Acting Deputy Assistant Attorney General, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Anthony Martinez appeals from his conviction and 162-month sentence after he entered a conditional guilty plea to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Martinez asserts that the district court erred when it denied his motion to suppress evidence seized by law enforcement officers during their execution of an arrest warrant. Specifically, Martinez argues that law enforcement violated the knock-and-announce rule when they executed the arrest warrant and, thus, he asserts that evidence seized by law enforcement should have been suppressed. Finding no error, we affirm.

When considering a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). Where, as here, the district court denies the suppression motion, we construe the evidence in the light most favorable to the Government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

The Fourth Amendment protects against unreasonable searches and seizures. See U.S. Const. amend. IV. One element of the reasonableness inquiry is the requirement that police knock, announce their presence, and wait a reasonable time

2

before entering a house to execute a search or arrest warrant. See Wilson v. Arkansas, 514 U.S. 927, 929, 931-32 (1995). The knock-and-announce rule serves three interests: (1) protecting the safety of the occupants of a dwelling and the police by reducing violence; (2) preventing the destruction of property; and (3) protecting the privacy of the occupants. See Hudson v. Michigan, 547 U.S. 586, 594 (2006).

The knock-and-announce requirement is reflected in 18 U.S.C. § 3109, which provides that an officer "may break open any outer or inner door or window of a house . . . to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance[.]" 18 U.S.C. § 3109 (2012); see United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994).[*] If there is no breaking to gain entry, § 3109 is not violated. Moreover, although an officer may not forcibly enter unless he has been refused admittance, such a refusal need not be expressly made — "the refusal may be constructive or reasonably inferred from the circumstances." Young, 609 F.3d at 353 (internal quotation marks and citation omitted).

---

[*] While § 3109 refers only to search warrants, its standards also govern the execution of arrest warrants. See Miller v. United States, 357 U.S. 301, 308-09 (1958); United States v. Young, 609 F.3d 348, 353 n.2 (4th Cir. 2010).

3

We have considered the parties' arguments and have reviewed the record and discern no reversible error. First, we defer to the district court's decision to credit the law enforcement officer's testimony that he did not break open Martinez's door, but instead hit the door with his fist and forearm and announced police presence before the door swung open. We also find no error in the district court's alternative finding that even if law enforcement did not comply with the knock-and-announce rule, given the information known to law enforcement at the time the arrest warrant was executed, it was not unreasonable for law enforcement to enter Martinez's residence before knocking and announcing their presence.

Because we find no reversible error in the district court's decision to deny Martinez's suppression motion, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED